```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


CHARLES COLE, JR., on
his own behalf and
others similarly situated                            PLAINTIFF

VS.                        CIVIL ACTION NO. 5:07-cv-206(DCB)(JMR)

PENDLETON QUICK LUBE, LLC                            DEFENDANT
```

## ORDER

This cause is before the Court on the defendant Pendleton Quick Lube, LLC's motion to dismiss **(docket entry 4)** and motion for sanctions **(docket entry 5)**. Also before the Court is the plaintiff Charles Cole, Jr.'s motion to strike **(docket entry 8)**. Having carefully considered the motions, the plaintiff's responses to the defendant's motions, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

In its answer to the plaintiff's complaint, the defendant moves for dismissal based on insufficiency of process and insufficiency of service of process. However, the defendant does not show how either process or service of process are insufficient. The defendant also moves for sanctions and attorney fees under Rule 11 of the Federal Rules of Civil Procedure. The defendant fails, however, to assert any basis for sanctions or attorney fees. The defendant's motions shall therefore be denied as premature.

The plaintiff moves to strike the defendant's affirmative defense of "waiver." The plaintiff's claims are for unpaid

overtime compensation, minimum wages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b)("FLSA").  As a matter of law, one cannot waive his rights under the FLSA.  <u>Brennan v. Veteran Cleaning Services, Inc.</u>, 482 F.2d 1362 (5th Cir. 1973); <u>Mireles v. Frio Foods, Inc.</u>, 899 F.2d 1407, 1411 (5th Cir. 1990).

The plaintiff also moves to strike the defendant's request for attorneys fees.  The FLSA provides for an award of a reasonable attorney fee to a prevailing plaintiff, but not to a prevailing defendant.  29 U.S.C. § 216(b); <u>Bell v. Mynt Entertainment, LLC</u>, 223 F.R.D. 680 (S.D. Fla. 2004).

The Court therefore finds that the plaintiff's motion to strike is well taken.  Accordingly,

IT IS HEREBY ORDERED that the defendant Pendleton Quick Lube, LLC's motion to dismiss **(docket entry 4)** and motion for sanctions **(docket entry 5)** are DENIED AS PREMATURE;

FURTHER ORDERED that the plaintiff Charles Cole, Jr.'s motion to strike **(docket entry 8)** is GRANTED, and the defendant's affirmative defense of waiver, as well as its request for attorney fees, are stricken from the defendant's answer.

SO ORDERED, this the  25th  day of January, 2008.

                                                  s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE